**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DRAKE L. EYER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MEGAN E. GELSINGER | : | |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TAMMY G. HAWBAKER | : | No. 945 MDA 2023 |

Appeal from the Order Entered June 29, 2023
In the Court of Common Pleas of Franklin County
Civil Division at No(s):  2022-03450

BEFORE:   McLAUGHLIN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.:                **FILED: NOVEMBER 29, 2023**

Appellant, Megan E. Gelsinger ("Mother"), appeals from the order entered in the Franklin County Court of Common Pleas, which granted the petition filed by Tammy G. Hawbaker ("Paternal Grandmother") seeking standing to intervene in the custody action between Mother and Drake L. Eyer ("Father").[1]  We quash the appeal.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Although this appeal involves a custody action, we will use the parties' names in the caption "as they appeared on the record of the trial court at the time
*(Footnote Continued Next Page)*

In its opinion, the trial court set forth most of the relevant facts and procedural history of this case as follows:

> This case involves one child, … (DOB [in 12/19]) ("Child") and was initiated when Father filed a Complaint for Custody on November 3, 2022.  On December 8, 2022, we entered a temporary order providing Mother and Father with shared legal custody and Mother primary physical custody subject to Father's periods of supervised custody every Saturday for five hours [to be supervised by Paternal Grandmother].  We also referred the case to a custody conciliation conference.  As a result of the conciliation conference, Mother and Father agreed to modify the December 8, 2022 Order by extending Father's Saturday periods of custody by one hour, granting Mother unfettered access to documentation for Father's treatment records and allowing Mother to require Father to undergo drug and alcohol testing within six hours upon her request and at her expense.  Father has suffered from addiction, experienced a relapse in May 2022 and at the initiation of this litigation was in intensive outpatient treatment and a participant in Franklin County's drug treatment court.
>
> Two days after the entry of the January 25, 2023 Order, Mother filed a Petition for Special Emergency Relief averring Father was presently incarcerated for violating probation and in possession of drug paraphernalia.  By Order dated January 27, 2023, we granted Mother sole physical and legal[4] custody pending [an] evidentiary hearing.
>
> [4] By Order of Court dated May 11, 2023, we granted Father's Motion to Reconsider and granted Father and Mother shared legal custody while maintaining all other provisions of our January 27, 2023 Order.

the appeal was taken."  Pa.R.A.P. 904(b)(1).  Notably, "upon application of a party and for cause shown, an appellate court may exercise its discretion to use the initials of the parties in the caption based upon the sensitive nature of the facts included in the case record and the best interest of the child."  Pa.R.A.P. 904(b)(2); ***see also*** Pa.R.A.P. 907(a).  Neither party has applied to this Court for the use of initials in the caption.  Nevertheless, we will refer to the minor child as "Child" to protect Child's identity.

On March 16, 2023, Paternal Grandmother filed a Petition to Intervene. Preliminary Objections were subsequently filed and after a series of filings and the scheduling of [a] hearing, we entered an Order at the time and date of hearing determining the preliminary objections moot. We scheduled a hearing on the Petition to Intervene, which was held on June 6, 2023.

(Trial Court Opinion, filed August 3, 2023, at 2-3) (internal italics and record citations omitted). Following the hearing, the court granted Paternal Grandmother's petition seeking standing to intervene by order filed June 29, 2023. Specifically, the court granted the petition pursuant to 23 Pa.C.S.A. § 5325(2) (providing that grandparents may file action for partial physical custody or supervised physical custody where relationship with child began either with consent of parent of child or under court order, and where parents of child have commenced proceeding for custody and do not agree as to whether grandparents should have custody under this section). The court also entered a separate **temporary** order, granting Paternal Grandmother partial physical custody every Saturday from 12:00 p.m. until 5:00 p.m., pending a further hearing. On June 21, 2023, Mother filed the current appeal challenging the court's order granting Paternal Grandmother's petition to intervene.[2]

---

[2] Mother filed a separate notice of appeal docketed at No. 889 MDA 2023, challenging the court's temporary custody order awarding Paternal Grandmother partial physical custody, which this Court quashed on August 10, 2023 as interlocutory. Mother also filed an application seeking consolidation of the current appeal and the appeal at docket No. 889 MDA 2023. Based on this Court's quashal order, this Court dismissed the
*(Footnote Continued Next Page)*

Mother raises five issues for our review:

> Did the court err in granting standing to the intervener despite the fact that less intrusive options were available to the court based on the circumstances of the case, including simply providing that she have periods of visitation in lieu of her son under the prevailing order which properly only included the parents of the child as parties?

> Did the court err in failing to consider the long-term ramifications of such a drastic step of granting standing to the subject child's paternal grandmother, which intrudes on a parent's exclusive right to parent her child and additionally allows a grandparent to be a party to this case for in excess of fifteen years of the child's minority?

> Did the court err by failing to properly evaluate whether the subject child had at least one fit parent and, therefore, whether there was a need to allow the intrusion into parenting (and negative effects thereof) that intervention allows and causes?

> Did the court err by failing to give consideration to the animosity between Mother and the intervenor and the effect intervention would have on the subject child?

> Did the court err by improvidently entering an order providing for the intervenor to exercise periods of custody absent a petition pending to modify the existing order of court setting forth custodial periods?

(Mother's Brief at 3).

As a preliminary matter, we note that on July 18, 2023, this Court issued

Mother a rule to show cause why the current appeal should not be quashed or

_____

application seeking consolidation as moot. In the current appeal, Mother raises one issue purporting to challenge the court's temporary custody order. As this Court already quashed Mother's separate appeal from that order, we will not give Mother's issue concerning the order of temporary custody any attention.

dismissed, as the order granting Paternal Grandmother's petition to intervene did not appear to be a final or otherwise appealable order. Mother responded on July 24, 2023, claiming the order was appealable under the collateral order doctrine per Pa.R.A.P. 313,[3] and pursuant to **K.W. v. S.L.**, 157 A.3d 498 (Pa.Super. 2017) and **K.C. v. L.A.**, 633 Pa. 722, 128 A.3d 774 (2015).

Recently, our Supreme Court issued its decision in **J.C.D. v. A.L.R.**, ___ Pa. ___, ___ A.3d ___, 2023 WL 6853126 (Pa. filed Oct. 18, 2023). In that case, the Court considered whether an order granting grandparents standing in a custody action was immediately appealable under Rule 313. Although the Court decided that the appellants/parents had satisfied the first and second prongs of the collateral order doctrine, the Court concluded that parents "have failed to satisfy the irreparability prong of the collateral order doctrine." **Id.** at *3. The Court explained: "Simply put, there is nothing about the present case that would make the trial court's Standing Order unreviewable on appeal

---

[3] This Court has explained:

> [Rule 313] permits an immediate appeal as of right from an otherwise interlocutory order where the appellant demonstrates that the order appealed from meets the following elements: (1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

**Ford-Bey v. Pro. Anesthesia Servs.**, 302 A.3d 789, 794 (Pa.Super. 2023).

from a final judgment in the underlying custody proceedings." *Id.*[4]

_____

[4] In so holding, the Court distinguished *K.C., supra*, which involved an order **denying** intervention in a case. *See id.* at *4. Further, the Court acknowledged that its decision "may be inconsistent" with *K.W., supra*, in which this Court had concluded that a father's appeal from an order granting the child's prospective adoptive parents *in loco parentis* standing to pursue custody would be irreparably lost if it postponed review. *Id.* at *7 n.8. Nevertheless, the *J.C.D.* Court declined to "disapprove of *K.W.* at this time" because the parties did not address the applicability of *K.W.* or its continued viability in their briefs. *See id.* In Justice Wecht's concurrence, however, he noted:

> The facts of *K.W.* were atypical, and arguably distinguish that case from the circumstances before us today. In *K.W.*, the father was not informed of the mother's pregnancy, nor of the fact that she had placed the child for adoption. The child was placed with adoptive parents before the father was even aware of the child's existence. The adoption agency attempted to contact the father and was first able to do so a month after the child's birth. Various procedural issues delayed the case, and the father's preliminary objections to standing were not finally resolved until the child was about one year old. In permitting the interlocutory appeal, the Superior Court "weighed the unique circumstances" including the fact that the father "was deprived of [the child] by a private adoption agency without the benefit of a hearing or other due process protections" and that the court "could not hope to fully vindicate or restore [the father's] rights by the time of his second appeal." The Superior Court's language in holding the standing order to be appealable on an interlocutory basis may have swept more broadly than necessary, but it was undeniable in that case that the father was deprived at length of his right to direct the care, custody, and control of his child.
>
> Those facts are very different from those of today's case. Here, Parents maintain custody of Children. As such, even if our Court was bound by the Superior Court's rationale (which, of course, we are not), *K.W.* would not control.

*Id.* at *12-13 (J. Wecht, concurring) (internal footnotes omitted).

Instantly, we conclude that *J.C.D.* is dispositive of this appeal. Pursuant to the Court's holding in that case, Mother's current appeal challenging the trial court's order granting Paternal Grandmother's petition seeking standing to intervene in the underlying custody action fails the third prong of the collateral order doctrine.[5] *See J.C.D., supra*. Mother may challenge the trial court's order granting Paternal Grandmother standing at the conclusion of the custody trial and upon a final custody order. *See id.* Therefore, we lack jurisdiction to consider the appeal.[6] Accordingly, we quash.

Appeal quashed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/29/2023

_____

[5] Mother's reliance on *K.C., supra* affords her no relief, as that case involved an order **denying** a petition to intervene, and not a petition granting intervention. *See J.C.D., supra*. We further agree with the rationale espoused in Justice Wecht's concurrence, that *K.W., supra* is also distinguishable from the facts of this case, where Mother presently maintains primary physical custody of Child. Thus, *K.W.* also affords Mother no relief.

[6] Mother makes no claim that the order granting Paternal Grandmother's petition to intervene is properly before us as from a final order (*see* Pa.R.A.P. 341), or an interlocutory order by right or permission (*see* Pa.R.A.P. 311, 312).